## BOWEN v. JOHNSTON, Warden.

### No. 23930.

District Court, N. D. California.

May 4, 1944.

No attorneys appeared for either party.

ᴅENMAN, Circuit Judge.

Petitioner seeks a writ of habeas corpus and a hearing upon his claim of right to be freed from confinement in the federal penitentiary at Alcatraz Island. His petition has not been presented to the available United States District Court for the Northern District of California nor to any of its district judges, and no special circumstances are shown why I should entertain it. The writ is denied and the petition dismissed for the reasons hereinafter stated.

It must be admitted that if the circuit judge's function, with reference to the petition for the writ, is the same as the district judge's, I cannot refuse to take some action on it. Indeed, so far as that is concerned, the statutes make no difference between the Supreme Court, the Supreme Court justice, the circuit judge and the district judge. Section 455, 28 U.S.C.A., provides that the "court, or justice, or judge to whom such application is made *shall forthwith* award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto." If the petition states facts entitling the petitioner to the writ, 28 U.S.C.A. § 461 provides: "The court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require."

If I were acting as such district judge, the most I could do in the way of avoidance of the disposition of the petition is that of the dicta of Ex parte Clarke, 100 U.S. 399, 403, 25 L.Ed. 715, finally summarized as: "Of course, under our system, no justice will needlessly refer a case to the court when he can decide it satisfactorily to himself, and will not do so in any case in which injury will be thereby incurred by the petitioner. No injury can be complained of in this case, since the petitioner was allowed to go at large on reasonable bail."

From this it appears that I would be required to find that the petition presents such unusual questions that I cannot decide them satisfactorily to myself. Having made such a finding, I then could order the writ to issue, making it returnable to the district court after providing bail for the petitioner. Ex parte Clarke, 100 U.S. at page 403, 25 L.Ed. 715.

Presumably, this would be for some sort of plenary session of a district court in which other judges, with myself, would constitute that court. There would be no reason to make the writ returnable to a district court with but one judge sitting, for it is not to be presumed that one district judge is more capable than another of deciding a case "satisfactorily to himself."

The statements of the Clarke case with reference to the right of a single judge to ·make the writ returnable to the court of which he is a member, are properly called dicta. There the petition was not addressed to a particular judge, but to all the "judges of the Supreme Court." Id., 100 U.S. page 400, 25 L.Ed. 715. It was presented to Justice Strong, who allowed the writ and made it returnable to himself. After the return to him was made, he made an order "postponing the hearing of the cause into this [the Supreme] court." By this method Justice Strong responded to the petition itself by bringing the petition before all "the judges of the Supreme Court" to whom it was addressed.

Assuming the dicta as to the qualified right of a judge, to whom *solely* a petition is addressed, so to transfer the case to the court of which he is a member, and thereby avoid the provision of § 461 for a summary disposition by himself, applies to me as if functioning as a district judge, I cannot satisfy the first qualification. It would be a dishonorable evasion to say that I cannot decide the questions raised by the petition "satisfactorily" to myself.

■ However, I do not agree with the contention that the relations of the district judge and the circuit judge to the writ of habeas corpus are the same. The statute itself makes the distinction between them. They act only "within their respective jurisdictions." 28 U.S.C.A. § 452. The district judge may order the issuance of the writ only for persons claiming illegal detention within the district and the record is filed in the court of which he is a member.

■ The circuit judge has the power to order the issuance of the writ for persons alleging wrongful confinement in Alaska, Hawaii and the seven states of the circuit, and the record of the proceeding before him must be filed in the United States District Court of Alaska or Hawaii or other district court of these seven states. That is to say, the jurisdiction of the circuit judge covers an area and population many times larger than that of the district judge and extends over distances from his chambers in, say, Los Angeles, over ten times the maximum of that of the district judge in the same city. It cannot be contended that if a circuit judge at one time have before him habeas corpus proceedings from Hawaii, Alaska and Montana, he is to be regarded as a district judge pro tem simultaneously in each of the district courts, simply because 28 U.S.C.A.

§ 452 and § 463 have made such district courts the places in which his orders are to be entered of record. His function is sui generis and he is not a district judge when he exercises it.

In addition, the work of this circuit court of appeals is heavy and exacting and in the distribution thereof between the Seattle, Portland, Los Angeles and San Francisco sessions my participancy in an appeal from a denial or granting of the writ may be necessary for the constitution of the three-judge panel for its consideration. United States ex rel. Bernstein v. Hill, 3 Cir., 71 F.2d 159.

It was for similar considerations that the Supreme Court established the rule of procedure that it would refuse the writ until "other available sources of judicial power" have been exhausted, unless exceptional circumstances require its action. The rule, then long established, is stated in Ex parte Hudgings, 249 U.S. 378, 379, 380, 39 S.Ct. 337, 338, 63 L.Ed. 656, 11 A.L.R. 333:

"The duty to consider the case arises from the permission to file, and therefore prima facie implies that it is of such a character as to be an exception to the rule of procedure that other available sources of judicial power may not be passed by for the purpose of obtaining relief by resort to the original jurisdiction of this court. * * *"

These exceptional circumstances were found and the writ granted. Later, in the same term, in Ex parte Tracy, 249 U.S. 551, 39 S.Ct. 374, 63 L.Ed. 768; 249 U.S. 588, 39 S.Ct. 385, 63 L.Ed. 790, the writ was denied, the court stating, at page 551 of 249 U.S., at page 374 of 39 S.Ct.:

"For the purpose of redressing assumed violations of the Constitution and laws of the United States by means of habeas corpus the jurisdiction of other competent courts to afford relief may not be passed by and the original jurisdiction of this court be invoked, in the absence of exceptional conditions justifying such course."

At the time of these decisions of the Supreme Court the provisions of the Revised Statutes required the same action by the Supreme Court on the petition as are now required of the circuit judges.[1]

In view of the differences of jurisdiction and function of the circuit and district judges, described above, the principle established by the Supreme Court in restricting its consideration of such petitions to cases of special circumstances applies as well to the circuit judge. The difference is merely one of degree. Unless the case be of such special circumstances, as In re Wright, D.C., 51 F.Supp. 639, 641,[2] the district judges, being "other available sources of judicial power, may not be passed by for the purpose of obtaining relief by resort to the original jurisdiction" of the circuit judge.

■ Such a decision works no harm to the petitioner. The district judge as the

[1] Revised Statutes of the United States, 2d Edition, 1878, Title XIII, Chapter Thirteen.
"§ 751. The Supreme Court and the circuit and district courts shall have power to issue writs of habeas corpus." 28 U.S.C.A. § 451.
"§ 755. The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto. The writ shall be directed to the person in whose custody the party is detained." 28 U.S.C.A. § 455.
"§ 757. The person to whom the writ is directed shall certify to the court, or justice, or judge before whom it is returnable the true cause of the detention of such party." 28 U.S.C.A. § 457.
"§ 758. The person making the return shall at the same time bring the body of the party before the judge who granted the writ." 28 U.S.C.A. § 458.

"§ 759. When the writ is returned, a day shall be set for the hearing of the cause, not exceeding five days thereafter, unless the party petitioning requests a longer time." 28 U.S.C.A. § 459.
"§ 761. The court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." 28 U.S.C.A. § 461.
[2] No. 23,744 in the records of the United States District Court for the Northern District of California. Petitions to each of the United States District Judges of the Northern District of California had been denied; also the right to appeal forma pauperis. I granted the writ and ordered the prisoner's discharge. That the circumstances were exceptional is apparent from the affirming decision in Johnston v. Wright, 9 Cir., 137 F.2d 914.

first source of judicial power in our judicial hierarchy must take immediate action if he be available. As such first source, the district judge cannot be passed by or pass himself by. He must issue or deny the writ in any event. If a district judge is not available, then, in this circuit, the petitioner may seek one of six or seven circuit judges. If by an extraordinary circumstance none of these is then there, he may seek any of the justices of the Supreme Court and the Chief Justice. All this makes for an efficient administration of justice with no shrinking of the rights of one unlawfully detained.