**DAVIS v. JOHNSTON, Warden.**

**No. 10845.**

Circuit Court of Appeals, Ninth Circuit.

Sept. 20, 1944.

John Boyce Davis, in pro. per., for relator.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for respondent.

Before DENMAN and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner for a writ of certiorari, also moving for release on bail, a prisoner in the custody of respondent, warden of the United States Penitentiary at Alcatraz, California, has pending here the above entitled appeal from an order denying his petition for a writ of habeas corpus. The ground of the order denying the petition is stated in the order to be "because of the petitioner's contumacious conduct in court."

Appellant's petition for a writ of certiorari seeks to have included in the record in the appeal various letters to and from himself and the judge and various other documents claimed to tend to show that his statements should not be regarded as contumacious. It contends petitioner's conduct was provoked by the alleged action of the trial judge, causing a state of mind in petitioner which in turn caused the petitioner's otherwise contumacious statements. It also is claimed that petitioner was at one time adjudged insane.

The transcript of the hearing on the petition for habeas corpus shows that the documents now sought by the writ of certiorari were not offered in evidence or there mentioned. We cannot by the process of certiorari create a record of proceedings at a trial which did not there occur.

Petitioner also seeks release on bail, quoting from an opinion of the writer in a habeas corpus proceeding before him as circuit judge, entitled Bowen v. Johnston, 55 F.Supp. 340, 341, filed May 4, 1944, in No. 23,930 in the files of the District Court of the Northern District of California, as follows:

"From this it appears that I would be required to find that the petition presents such unusual questions and I cannot decide them satisfactorily to myself. Having made such a finding, I then could order the writ to issue, making it returnable to

the district court *after providing bail for the petitioner.* Ex parte Clarke, 100 U.S. [399], at page 403, 25 L.Ed. 715." [Emphasis supplied].

The word "could" should be applied separately to the issuance of the writ and to the granting of release on bail. The granting of bail is not an absolute right of one in the penitentiary serving sentence of a court having jurisdiction of the subject matter of the proceeding in which the sentence is given. No ground for bail appears in the instant petition.

The petition for a writ of certiorari and for bail is denied.

Petition denied.