## DAVIS v. JOHNSTON, Warden.

### No. 11315.

Circuit Court of Appeals, Ninth Circuit.

Sept. 4, 1946.

As Amended Sept. 23, 1946.

Remington Low and Morris M. Grupp, both of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Eastern District of Illinois, hereafter called the Illinois court, John Boyce Davis, Cecil Arlin Barnes and George John Bundy, Jr., were indicted in seven counts. Counts 1, 2 and 3 charged violations of 18 U.S.C.A. § 320. Counts 4 and 5 charged violations of 18 U.S.C.A. § 99. Count 6 charged a violation of 18 U.S.C.A. § 82. Count 7 charged a violation of 18 U.S.C.A. § 88. Barnes and Bundy pleaded guilty. Davis pleaded not guilty and was tried and found guilty on all counts of the indictment. Thereupon, on March 27, 1941, the Illinois court entered a judgment sentencing Davis to be imprisoned for 25 years.

The United States penitentiary at Leavenworth, Kansas, was designated as the place where Davis' sentence should be served. On July 7, 1941, he was transferred to the United States penitentiary at Alcatraz, California. On August 14, 1943, he filed in the District Court of the United States for the Northern District of California, hereafter called the California court, a petition for a writ of habeas corpus. The proceeding thus commenced was No. 23,890 on the docket of the California court. In that proceeding, a writ of habeas corpus was issued, a return was filed, Davis was produced, a hearing was had, evidence was taken, and on May 6, 1944, a judgment was entered discharging the writ and dismissing the petition. Davis appealed from that judgment and petitioned this court for writs of mandamus and certiorari. The petition for a writ of mandamus was dismissed on June 5, 1944.[1] The petition for a writ of certiorari was denied on September 20, 1944.[2] The appeal was dismissed on October 2, 1944.[3]

On December 6, 1944, Davis filed in the California court a second petition for a writ of habeas corpus. The proceeding thus commenced was No. 24,080 on the docket of the California court. In that proceeding, a writ of habeas corpus was issued, a return was filed, Davis was produced, a hearing was had, evidence was

[1] Davis v. Goodman, 9 Cir., 143 F.2d 598.

[2] Davis v. Johnston, 9 Cir., 144 F.2d 859.

[3] Davis v. Johnston, 9 Cir., 145 F.2d 233.

taken, findings of fact and conclusions of law were stated, and on December 28, 1945, a judgment was entered discharging the writ and dismissing the petition. From that judgment Davis has appealed.

In No. 24,080, Davis sought to be discharged from custody on the ground that his sentence was void because, at his trial in the Illinois court, he was denied the effective assistance of counsel, and because he was insane. The California court found that he was not denied the effective assistance of counsel, and that he was not insane. The findings are amply supported by evidence, are not clearly erroneous, hence should not be set aside.[4] Upon the facts found, the court correctly concluded that Davis was not entitled to be discharged from custody.

Judgment affirmed.

---

[4] See Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following section 723c.