**UNITED STATES ex rel. LEGUILLOU**

v.

**DAVIS**

No. 11272

United States Court of Appeals

Third Circuit

Argued Jan. 26, 1954

Decided May 14, 1954

*See, also, 212 F.2d 681*

CROXTON WILLIAMS, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

WARREN H. YOUNG, Christiansted, St. Croix, Virgin Islands, *for appellee*

Before, MAGRUDER, WOODBURY and HASTIE, *Circuit Judges*

HASTIE, *Circuit Judge*

This is an appeal from a final order of a circuit judge entered after full hearing on an application made to him under section 2241 of Title 28 of the United States Code for a writ of habeas corpus. The order invalidated a conviction of murder in the District Court of the Virgin Islands.

We consider first whether the circuit judge was empowered to adjudicate this controversy. More particularly, does section 2255 of Title 28 of the United States Code take away from a circuit judge the power to grant habeas corpus in such a case as this, which he otherwise might exercise under section 2241 of Title 28?

These are the facts relevant to the question of jurisdiction. The relator was tried for murder under the territorial laws by the District Court of the Virgin Islands sitting with a jury in the island of St. Croix where the homicide occurred. He was convicted of murder in the second degree,

sentenced to fourteen years at hard labor and duly confined in a penitentiary in St. Croix. He did not appeal. Thereafter, the prisoner undertook to challenge his conviction collaterally on several grounds, the most substantial of them being alleged discrimination against Puerto Ricans in the selection of the jury and alleged unfair and fundamentally improper procedure in keeping the jury at the business of hearing and deliberating on this case all day and all night until a 6 a.m. verdict, without rest or interruption except for two recesses for midday and evening meals. However, he did not raise these issues by motion in the sentencing court under section 2255. Rather, he invoked the power of a circuit judge for the Third Circuit, which includes the Virgin Islands, to entertain applications for habeas corpus within his circuit under section 2241.

After answer by the officer having custody of the relator, the matter was duly calendared for hearing, and testimony was taken by the circuit judge sitting in St. Croix where the original trial had taken place and the relator was incarcerated. For reasons fully stated in his opinion the judge concluded that the conviction was vulnerable to collateral attack and should be set aside. (2 V.I. 298) 115 F. Supp. 392.

Section 2241(a) of Title 28, U.S.C., 1952 ed. states that "writs of habeas corpus may be granted by . . . any circuit judge within their respective jurisdictions" and that the "order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had". Subsection (c) makes habeas corpus an appropriate remedy for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States". As concerns the present case, the circuit judge in his opinion correctly said:

"Section 2241 of title 28, United States Code, confers upon me as a circuit judge for the Third Circuit the power to grant a writ of habeas corpus within the Third Circuit upon the application of a prisoner who is in custody in violation of the Constitution or laws of the United States. The Virgin Islands are within the Third Circuit and the relator asserts that he is in custody in violation of the Constitution and the Organic Act of the Virgin Islands, a law of the United States. I accordingly have jurisdiction of the application unless I am deprived of it by . . . section 2255 of title 28, United States Code." (2 V.I. 298, 304) 115 F. Supp. 392, 394.

In the revised Judicial Code, section 2255 now provides that "a prisoner in custody under sentence of a court established by Act of Congress[1] claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence". 28 U.S.C., 1952 ed., § 2255. If this were all, the stated remedy might be no more than an alternative to habeas corpus to be pursued at the election of the prisoner. But section 2255 also contains this important restrictive provision:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

The circuit judge carefully considered this provision and concluded that despite its strictures he had power to act. He was impressed that this application was tried in

[1] The phrase "court established by Act of Congress" was substituted for the earlier phrase, "court of the United States", by section 114 of the Act of May 24 1949. 63 Stat. 89, 105. Senate Report No. 303, accompanying the bill, explained that the purpose of this change was to "make it clear that the section is applicable in the district courts in Territories and possessions". 2 U.S. Code Cong. Serv., 81st Cong., 1st Sess., p. 1272.

the place where a motion under section 2255 would have been tried and by similar procedure. Also, he took the position "that the remedy by motion in the district court would probably be ineffective to test the legality of the relator's detention".

■ We share the view of the circuit judge that habeas corpus under section 2241, if available, would provide a simple, fair and expeditious way of handling the present claim. It is also true that this habeas corpus matter was heard in the very place and in substantially the same way that a motion under section 2255 would have been heard. And it is understandable that it may have seemed desirable to submit the issues of this petition to a judge who was a stranger to the controversy. Nevertheless we have come to the conclusion that the restrictive language of section 2255 is so comprehensive that it precludes a circuit judge from taking jurisdiction as he formerly might have done under section 2241, even in the circumstances of this case.

■ There has been much recent judicial discussion of the effect of section 2255 in restricting habeas corpus applications by persons in custody under sentence of courts created by Act of Congress. It is now established, and we think correctly, that where the issues in controversy are such as have traditionally been within the reach of habeas corpus and now are cognizable by the sentencing court under section 2255, a motion under section 2255 normally supersedes habeas corpus and provides the exclusive remedy. Mills v. Hunter, 10 Cir., 1953, 204 F.2d 468; Jones v. Squier, 9 Cir., 1952, 195 F.2d 179; Meyers v. Welch, 4 Cir., 1950, 179 F.2d 707; ef. United States v. Hayman, 1952, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232. And see United States v. Morgan, 1954, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248, where four Justices thought section 2255 had the more extreme effect of barring coram nobis. Most of the cases so holding deny the remedy of habeas corpus

in the district court where the prisoner is confined, it appearing that sentence had been imposed and a section 2255 motion would have to be filed in another district. However, there is no basis for any different conclusion where only one district is involved. Meyers v. United States, 1950, 86 U.S.App.D.C. 320, 181 F.2d 802. The only exception to this rule of supersession which is authorized by the language of section 2255 occurs when "the remedy by motion is inadequate or ineffective to test the legality of . . . detention." But the remedy is not made thus "inadequate or ineffective" by doubts about its administration in a particular case. Even if a district court should incorrectly dispose of a proper motion under section 2255, the remedy would be by appeal and not any alternative habeas corpus petition. Winhoven v. Swope, 9 Cir., 1952, 195 F.2d 181. And this is no less so where the proposed alternative is a habeas corpus petition addressed to a circuit judge. Bonzell v. United States, 4 Cir., 1952, 199 F.2d 449. Indeed, we think the remedy by motion can be "inadequate or ineffective to test the legality of . . . detention" only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention. In the present case it is clear and apparently undisputed that on appropriate motion the District Court of the Virgin Islands could have entertained the prisoner's claim, inquired fully into the facts and granted the very relief the prisoner is seeking.

■ The circuit judge was impressed that there is only one district judge for the Virgin Islands and that a motion under section 2255 might have put him in the embarrassing position in reviewing his own administrative participation in the selection of the jury panel as well as his conduct of the relator's trial. We believe factors of this kind do not make the remedy by motion ineffective or inade-

quate within the meaning of the statute. Indeed, one of the policy considerations underlying section 2255 was the belief that it is desirable to give the sentencing judge the first opportunity to re-examine all circumstances of the conviction and sentence when they are said to have involved some fundamental injustice or impropriety. See Carvell v. United States, 4 Cir., 1949, 173 F.2d 348.

Finally, it is argued that what happened here was so similar to a section 2255 proceeding with respect to both forum and procedure that the exercise of jurisdiction should be unobjectionable. If ours were a free decision on policy we would be inclined to agree. But where the statute makes a section 2255 proceeding the exclusive remedy we think we are not free to sanction a different proceeding that may seem just as good or even preferable for the purposes of the particular case.

If the prisoner had submitted a petition for habeas corpus to the district judge for the Virgin Islands, that judge might possibly have treated the pleading as an inartistic request for relief under section 2255, and thus within his jurisdiction. But when a circuit judge entertains a petition for habeas corpus he is restricted by the circumstance that "his function is sui generis and he is not a district judge when he exercises it". See Denman, C.J. in Bowen v. Johnston, D.C.N.D.Cal. 1944, 55 F. Supp. 340, 342. If he should treat the petition as a motion under section 2255, in so doing he would necessarily declare the matter outside of his own special and limited jurisdiction, because such a motion is cognizable only by the sentencing district court.

It is our conclusion that section 2255 has made the District Court of the Virgin Islands the exclusive forum for the consideration of this controversy in first instance, and that the present proceeding must be dismissed for lack of jurisdiction. We are mindful of the time and effort that

the circuit judge and counsel for both parties have devoted to a full presentation and consideration of this case. We think all of this need not be wasted. If the same issues should hereafter be raised by motion under section 2255 there would be no impropriety in government counsel consenting to a new trial if persuaded that analysis of the merits of the matter already made by the circuit judge is sound. And, in any event, there would be no impropriety in a stipulation that the testimony taken before the circuit judge be accepted as evidence in the new proceeding. Finally, if the district court has to decide this matter de novo in a section 2255 proceeding, it will find the opinion of the circuit judge useful, just as a judge always finds it helpful in analyzing a matter sub judice to have before him a considered analysis of the same problem by a learned and experienced colleague.

The judgment will be reversed and the cause remanded for dismissal of the petition, without prejudice to any motion which the relator may elect to file in the District Court of the Virgin Islands under authority of section 2255 of Title 28 of the United States Code.