

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2005

# Speight v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Speight v. Nash" (2005). *2005 Decisions*. Paper 1108.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2011
_____

CEARFUL SPEIGHT, JR.,
Appellant
v.

WARDEN JOHN NASH

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-00319)
District Judge: Honorable Freda L. Wolfson

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2005
Before:   SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.
(Filed: May 31, 2005)
_____

OPINION
_____

PER CURIAM.

Cearful Speight filed a petition pursuant to 28 U.S.C. § 2241 to challenge

his conviction and sentence for conspiracy to distribute cocaine and crack in violation of

28 U.S.C. §§ 841 & 846.  He claimed that his indictment was void because he was not

therein charged with an independent substantive offense; that the trial court, in effect,

amended the indictment to include an aggravating offense at the sentencing phase; and

that the trial court enhanced his sentence using facts not found by the jury or admitted by Speight. The District Court, determining that 28 U.S.C. § 2255 was not an inadequate or ineffective means by which Speight could bring his claims, dismissed Speight's petition. Speight filed a motion for reconsideration, which was denied. Speight appeals. Because this appeal presents no substantial question, we will summarily affirm.

Speight cannot bring his petition under 28 U.S.C. § 2241, because a motion to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 is not "inadequate or ineffective." 28 U.S.C. § 2255 (2005). Although Speight's claims appear at first blush to be based on *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999), *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Apprendi*'s progeny, Speight purports to ground his arguments in *In re Winship*, 397 U.S. 358 (1970). No matter which of these cases he relies on, 28 U.S.C. § 2255 is not an inadequate or ineffective way to bring his claims. *See Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002); *United States ex rel. Leguillou v. Davis*, 212 F. 2d 681, 684 (3d Cir. 1954). Therefore, the District Court properly dismissed Speight's petition for lack of jurisdiction and declined to grant his motion for reconsideration.[1]

For the reasons stated above, the District Court's orders will be summarily affirmed.

---

[1]As the District Court noted in response to Speight's argument that the Suspension Clause was violated by the dismissal of his petition for lack of jurisdiction, "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley*, 430 U.S. 372, 381 (1977).