GLD-191                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1029
_____

MICHAEL S. MULLER,
                                        Appellant

v.

DELBERT G. SAUERS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-12-cv-01841)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: April 24, 2013)
_____

OPINION
_____

PER CURIAM

        Michael S. Muller, proceeding pro se, appeals the United States District Court for

the Middle District of Pennsylvania's order dismissing his petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  Because this appeal does not present a substantial

question, we will summarily affirm for principally the reasons as given in the District Court's order.

I.

Pursuant to a plea agreement, Muller pled guilty to armed bank robbery and using, carrying, and brandishing a firearm during the commission of a crime of violence. The agreement provided that Muller would be sentenced in a range of 87 to 108 months for the first offense and 60 months for the second offense. Muller also waived his right to collaterally attack his conviction and sentence so long as the sentence did not exceed the range provided in the agreement. In January 2009, the Eastern District of Michigan sentenced Muller to 108 months' imprisonment for the first offense and 60 months' imprisonment, consecutively, for the second offense.

In December 2009, Muller sent a letter to the Eastern District of Michigan claiming an error in sentencing. The court gave Muller the opportunity to have the letter construed as motion under 28 U.S.C. § 2255, but his response was not clear and the court did not construe his letter as a § 2255 motion; no relief was granted. In March 2011, Muller filed a motion in the Eastern District of Michigan seeking relief under 18 U.S.C. § 3582(c)(2). The court denied the motion.

In September 2012, Muller filed the underlying 28 U.S.C. § 2241 petition in the Middle District of Pennsylvania. Muller's sole ground for relief was that an error was made in the calculation of his sentence. The Magistrate Judge recommended dismissing the § 2241 petition and Muller objected. The District Court adopted the Magistrate

2

Judge's report and recommendation and dismissed the petition because Muller failed to show that § 2255 was inadequate or ineffective and because Muller's plea agreement barred any collateral attack of his sentence. Muller appeals and has filed a motion for appointment of counsel.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of facts." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

## III.

Upon review, we conclude that the District Court properly dismissed Muller's § 2241 petition. A federal prisoner generally must challenge the legality of his conviction or sentence through a motion filed pursuant to § 2255. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, the "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the "rare case" in which a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-50 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle v. United States ex

3

rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brook, 230 F.3d 643, 648 (3d Cir. 2000) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted).

In this case, § 2255 was the proper vehicle for Muller to raise the argument that his sentence was incorrect. First, despite Muller's assertion otherwise, his allegation that the Eastern District of Michigan improperly calculated his sentence is a challenge to the validity of his sentence that should be raised under § 2255. See, e.g., Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Second, Muller's argument that the expiration of the limitations period establishes the inadequacy and ineffectiveness of § 2255 is unavailing. See Cradle, 290 F.3d at 539. Third, Muller's plea agreement included a waiver of collateral-attack rights "in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255." Therefore, his plea agreement forecloses

relief pursuant to § 2241, which does not render § 2255 inadequate or ineffective.[1]  See id. at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").  Consequently, the District Court correctly dismissed Muller's § 2241 petition.

IV.

For the foregoing reasons, we will affirm the order of the District Court.  Muller's motion for appointment of counsel is denied as moot.

---

[1] Muller did not explicitly challenge the waiver of his right to collaterally attack his sentence, and there is no indication that the waiver should not be enforced.  See United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008) ("[W]e have been willing to enforce [waivers of appeal rights], provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice.").  First, during a plea hearing, the Eastern District of Michigan reviewed the terms of the plea agreement, including the waiver of the right to appeal or to collaterally attack the sentence, with Muller and confirmed his understanding and voluntary assent.  See Fed. R. Crim. P. 11(b)(1)(N).  Second, Muller's waiver of his collateral-attack rights was conditioned on his sentence not exceeding the maximum range set forth in the plea agreement; Muller's sentence did not do so.  Thus, enforcement of the waiver would not result in a miscarriage of justice.  (Moreover, there appears to be no merit to Muller's claim of an error during sentencing.  See E.D. Mich. 4:08-cr-20009, Report and Recommendation, October 31, 2011, ECF No. 62.)