GLD-210                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1584
_____

JAMES J. MCCORMACK,
                                                    Appellant
v.

DONNA ZICKEFOOSE, WARDEN OF F.C.I. FORT DIX
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:11-cv-02575)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 25, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: April 30, 2013 )
_____

OPINION
_____

PER CURIAM

        James J. McCormack, a federal inmate currently incarcerated at FCI Fort Dix,

appeals from an order of the United States District Court for the District of New Jersey

dismissing his habeas corpus petition pursuant to 28 U.S.C. § 2241 for lack of

jurisdiction. We will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In July 2002, McCormack was found guilty of violating 18 U.S.C. § 1951, but found not guilty of a charge pursuant to 18 U.S.C. § 924(c)(1), following a jury trial in the United States District Court for the District of Massachusetts. He was sentenced to 188 months' imprisonment and two years of supervised release. After his conviction and sentence were affirmed, he filed a motion pursuant to 28 U.S.C. § 2255, which was denied in August 2008. On May 4, 2011, McCormack filed a 28 U.S.C. § 2241 petition arguing that his sentence was improperly enhanced by facts related to charges pursuant to 18 U.S.C. § 924(c)(1), the crime of which he was acquitted. McCormack asserts that 28 U.S.C. § 2255 relief is inadequate or ineffective because the case on which he relies, United States v. O'Brien, 130 S. Ct. 2169 (2010), was decided after his § 2255 proceedings ended.

Respondent filed a motion to dismiss, arguing that the District Court lacks subject matter jurisdiction over the § 2241 petition because the claims raised are only cognizable on direct appeal or in a § 2255 motion. The District Court granted the motion to dismiss and McCormack then timely filed this appeal.

2

II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a),[1] and "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam); see also United States v. Friedland, 83 F.3d 1532, 1542 (3d Cir. 1996). Furthermore, we may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

Upon review, we conclude that the District Court properly dismissed McCormack's § 2241 petition. A federal prisoner generally must challenge the legality of his conviction or sentence through a motion filed pursuant to § 2255. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, the "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the "rare case" in which a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-50 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or

---

[1] A certificate of appealability is not required to appeal the denial of a § 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted). We have held that a § 2255 motion is inadequate or ineffective to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and where the petitioner is otherwise barred from filing a second or successive § 2255 petition. In re Dorsainvil, 119 F.3d at 252.

In this case, McCormack cannot avail himself of the "safety valve." O'Brien, the case on which he relies, was merely an application of Apprendi and Booker, and thus could have been raised earlier. See United States v. Booker, 543 U.S. 220, 244 (2005) ("we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); Apprendi v. New Jersey, 530 U.S. 466 (2000). Moreover, we have held that Apprendi claims must be brought pursuant to § 2255, not § 2241. See Okereke,307 F.3d at 120-21. Thus, the District Court did not err in dismissing McCormack's § 2241 petition for lack of jurisdiction.

## IV.

For the foregoing reasons, we will affirm the order of the District Court.

4