CLD-291                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1784
_____

RICKY SAMAS,
                    Appellant

v.

ACTING WARDEN KRULESIE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:12-cv-02619)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: July 3, 2013 )
_____

OPINION
_____

PER CURIAM

    Ricky Samas, a federal inmate currently incarcerated at Federal Correctional

Institution at Schuylkill ("FCI-Schuylkill"), appeals from an order of the United States

District Court for the Middle District of Pennsylvania dismissing his habeas corpus

petition pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. We will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In September 2009, Samas pleaded guilty to possession with the intent to distribute more than 50 grams of cocaine base. [1] In January 2010, Samas was sentenced by the United States District Court for the District of Connecticut to 168 months' imprisonment, followed by 60 months' supervised release. On February 1, 2012, while his appeal to the Second Circuit was pending[2], Samas filed a § 2255 motion to vacate and set aside his judgment of sentence in the United States District Court for the District of Connecticut.

On October 10, 2012, Samas filed a petition for writ of mandamus in the Second Circuit to force the United States District Court for the District of Connecticut to rule on his § 2255 motion; the petition was denied. See Samas v. U.S., No. 12-4033 (2d Cir. 2012).[3] On December 31, 2012, Samas filed the instant § 2241 petition in the United

---

[1] In exchange, the Government agreed to dismiss the other two counts against him; one for possession with intent to distribute cocaine, the other for possession of a firearm by a felon.

[2] On May 8, 2012, the United States Court of Appeals for the Second Circuit granted the Government's motion to dismiss Samas' appeal and granted appellate counsels' motion to withdraw as Samas' counsel pursuant to Anders v. California, 386 U.S. 738 (1967). See U.S. v. Samas, No. 10-0197 (2d Cir. 2010).

[3] On April 4, 2013, the Second Circuit denied the petition for writ of mandamus "without prejudice to renewal if the district court fails to take action on the Petitioner's motions within 90 days of the date of this order."

States District Court for the Middle District of Pennsylvania[4], asserting the same six claims he presented in his pending § 2255 motion in the District Court of Connecticut. By order entered March 8, 2013, the Middle District dismissed the § 2241 petition for lack of jurisdiction. Samas filed this timely appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a),[5] and "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam); see also United States v. Friedland, 83 F.3d 1532, 1542 (3d Cir. 1996). Furthermore, we may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Upon review, we conclude that the District Court properly dismissed Samas' § 2241 petition. A federal prisoner generally must challenge the legality of his conviction or sentence through a motion filed pursuant to § 2255. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, the "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the "rare case" in which a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-50 (3d Cir. 1997).

---

[4] Samas correctly filed this habeas petition in the Middle District of Pennsylvania because that is where he is incarcerated. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

[5] A certificate of appealability is not required to appeal the denial of a § 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted).

As the District Court concluded, the mere fact that Samas' § 2255 motion has been pending in the United States District Court for the District Court of Connecticut for over a year does not show that § 2255 is "ineffective or inadequate." Samas' proper recourse is to wait for the United States District Court for the District of Connecticut to decide his pending § 2255 motion, and file an appeal with the Second Circuit if appropriate.

IV.

For the foregoing reasons, we will affirm the order of the District Court.