

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2000

# United States v. Brooks

Precedential or Non-Precedential:

Docket 98-7419 & 99-8043

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Brooks" (2000). *2000 Decisions*. Paper 227.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/227

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 23, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 98-7419 and 99-8043

UNITED STATES OF AMERICA

v.

LAWRENCE BROOKS
Appellant in No. 98-7419

IN RE: LAWRENCE BROOKS
Petitioner in No. 99-8043

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 92-cr-00303-2)
District Judge: Honorable William W. Caldwell

Argued February 28, 2000

BEFORE: ALITO and STAPLETON, Circuit Judges,
and POLLAK,* District Judge

(Filed October 23, 2000)

_____
* Honorable Louis H. Pollak, Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

Kim D. Daniel
Theodore B. Smith, III (Argued)
Office of United States Attorney
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108
 Attorney for Appellee

Daniel I. Siegel (Argued)
Office of Federal Public Defender
100 Chestnut Street
Harrisburg, PA 17101
 Attorney for Appellant

Peter Goldberger
50 Rittenhouse Place
Ardmore, PA 19003-2276
 Attorney for Amicus-appellant
National Association of
Criminal Defense Lawyers

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Lawrence Brooks filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. S 2255, seeking reinstatement of his right to appeal his conviction on the ground that the District Court failed to inform him of his appellate rights in violation of the Federal Rules of Criminal Procedure. After a full hearing on the merits, the District Court denied Brooks' petition, and Brooks has appealed. We will deny Brooks' request for a certificate of appealability and dismiss his petition for a writ of habeas corpus, filed with this Court pursuant to 28 U.S.C. S 2241.

I.

In 1993, Lawrence Brooks pleaded guilty to participation in a drug conspiracy and received a sentence of 24 years and 4 months of imprisonment. According to former Rule

2

32(a)(2) of the Federal Rules of Criminal Procedure, [1] the District Court was required, after imposing sentence, to advise the defendant of his right to appeal. The District Court failed to so advise Brooks, and no direct appeal was filed. In 1997, Brooks filed a motion for post-conviction relief under 28 U.S.C. S 2255, seeking, inter alia, reinstatement of his right to a direct appeal.

Brooks filed his motion for post-conviction relief pro se. In his motion, Brooks raised 11 separate grounds for relief, and ultimately the District Court appointed the Federal Public Defender to represent Brooks. His attorney then filed an amended motion for post-conviction relief, which clarified the "loss of appellate rights" claim.

On April 28, 1998, an evidentiary hearing was held before the District Court for the Middle District of Pennsylvania. At that hearing, Brooks himself testified, as did his appointed trial counsel, Jeffrey Yoffee. Brooks testified that the Court failed to advise him of his right to appeal, and that fact is undisputed. He further testified that his attorney had not advised him of the right to file an appeal, either at the courthouse following sentencing or at any time during the ten-day period following the sentencing hearing. Finally, Brooks testified that, if he had known of his right to appeal, he would have instructed counsel to file one.

Yoffee testified that he had no specific recollection of advising Brooks of his appellate rights, either on the day of sentencing or in the ten days following. Yoffee confirmed that he did not have any notes or memoranda reflecting that he had advised Brooks of his appellate rights. What Yoffee did say, and it is this fact on which the District Court seized, is that it was his customary practice, following a sentencing hearing, to inform clients of their right to appeal. Specifically, Yoffee said:

> It is [my customary practice to inform defendants of their appellate rights after the sentencing hearing] and I believe I had a conversation with Mr. Brooks after sentencing up in the holding cell regarding his

_____

1. The Rule is now in subsection (c)(5) of Rule 32.

appellate rights, but to be honest with you, I can't be sure if I'm filling in the blanks or whether my recollection of it is actually a true one. All I can say is I routinely in federal cases especially go to the holding cell after a sentence and speak with my client not just about appellate rights but that's generally the end of the case. I say if you have any questions, give me a call, that kind of thing. I'm almost certain that I did with Mr. Brooks, but I can't positively remember that I did.

App. 82-83 (direct testimony). He further testified that, if a defendant requests an appeal, he files that appeal, regardless of the grounds.

On cross-examination by the prosecutor, Yoffee confirmed that he "strongly believed" that he had advised Brooks of his appellate rights. See App. 106-07. He agreed with the prosecutor that he "most likely" would have done so immediately after sentencing. In this regard, Yoffee noted that he had billed the court for a three-tenths of one hour meeting with Brooks on the date of sentencing. Nevertheless, there are no notations in his files regarding conversations with Brooks during the ten-day window in which to file a notice of appeal. Brooks asserts that this omission is significant, "because on a later occasion, Mr. Yoffee did make a note of a communication from Mr. Brooks regarding his desire for an appeal."[2] Brief for Appellant at 14.

After hearing all of the evidence, the District Court denied Brooks' motion for post-conviction relief. The Court found that it had failed to advise Brooks of his right to an appeal and further found that Yoffee had "no independent recollection of advising the defendant of his right to appeal . . . ." App. 165. Nevertheless, the Court was persuaded that Yoffee had advised Brooks of his appellate rights and, thus, that the Court's failure to do so constituted harmless error.

_____

2. The note was made in January, 1994, some four months after the sentencing hearing. At that time, Brooks called or wrote Yoffee to express his desire to appeal his sentence.

4

Brooks appealed to this Court, seeking a certificate of appealability to review the District Court's judgment. In the alternative, Brooks has filed an original petition for a writ of habeas corpus with this Court, pursuant to 28 U.S.C. S 2241, arguing that, if we deny his request for a certificate of appealability, we nevertheless exercise our power under S 2241 to review his claims.

II.

The first issue -- i.e., whether we will grant Brooks' request for a certificate of appealability -- need not detain us long. Section 2253(c)(1) of Title 28 provides that "an appeal may not be taken to the court of appeals from. . . the final order in a proceeding under section 2255. . . [u]nless a circuit justice or judge issues a certificate of appealability . . . ." 28 U.S.C. S 2253(c)(1)(B). Section 2253(c)(2) then goes on to provide that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. S 2253(c)(2) (emphasis added). Brooks has argued that, while S 2253(c)(2) seemingly permits us to review only constitutional questions, we should, nevertheless, hold that certificates of appealability may be awarded in cases presenting substantial federal, but non-constitutional, questions. A panel of this Court heard argument on that issue on February 28, 2000, and then, a majority of the active judges having voted for rehearing, the issue was reargued before the Court en banc on May 24, 2000.

This case was reargued en banc along with United States v. Cepero, ___ F.3d ___, 2000 WL ____ (3d Cir. 2000), which presented the same issue. Following the en banc Court's decision in Cepero, this case was remanded to the original merits panel for final disposition. As we held in Cepero, we may not grant a certificate of appealability to review non-constitutional questions unless the issue is procedural and the underlying petition raises a substantial constitutional question. Accord Slack v. McDaniel, ___ U.S. ___, ___, 120 S. Ct. 1595, 1604 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a[certificate of appealability] should issue when the prisoner shows, at

5

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (emphasis added). It is conceded here that Brooks' only claim, which is based on Rule 32 of the Federal Rules of Criminal Procedure, is not a constitutional claim. Accordingly, we are constrained to deny Brooks' request for a certificate of appealability, and the District Court's judgment will, thus, stand.

III.

Apparently recognizing the difficulty in overcoming the language of 28 U.S.C. S 2253(c)(2), Brooks hasfiled an original petition for a writ of habeas corpus with this Court, pursuant to 28 U.S.C. S 2241. He asks that, if we hold, as we have, that we are unable to review the District Court's judgment in the S 2255 proceeding, we, nevertheless, exercise our power under S 2241 to adjudicate his application for a writ of habeas corpus as an original matter.3

_____

3. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The courts of appeals
are conspicuously absent from that enumeration, and the circuit courts have uniformly disclaimed power, as courts, to issue an original writ of habeas corpus. See Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir. 1992) (en banc) (panel does not have jurisdiction to entertain an original petition for a writ of habeas corpus); Noriega-Sandoval v. INS, 911 F.2d 258, 261 (9th Cir. 1990) (We . . . lack jurisdiction as a court to consider
a petition for a writ of habeas corpus as an original matter."); Ojeda Rios
v. Wigen, 863 F.2d 196, 200 (2d Cir. 1988) (Chambers of Judge Newman) (courts of appeals have no power to issue an original writ of habeas corpus); Zimmerman v. Spears, 656 F.2d 310, 316 (5th Cir. 1977) (same); Parker v. Sigler, 419 F.2d 827, 828 (8th Cir. 1969); Loum v. Alvis,
263 F.2d 836 (6th Cir. 1959); Posey v. Dowd, 134 F.2d 613 (7th Cir. 1943); see also United States ex rel. Leguillou v. Davis, 212 F.2d 681 (3d Cir. 1954) (an appeal from a final order of a circuit judge entered after full hearing on a petition for habeas corpus under 28 U.S.C. S 2241). There is a minor exception: a court of appeals has the power, under the "all writs" act, to issue a writ of habeas corpus "where it may be necessary for the exercise of a jurisdiction already existing." Whitney v.

6

As we will explain, we hold that S 2241 is not available as a remedy for Brooks.

Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. S 2255, P 5 (emphasis added). Thus, in a situation where the S 2255 procedure is shown to be "inadequate or ineffective," a prisoner is entitled to apply for a writ of habeas corpus, and courts are empowered to grant the writ by 28 U.S.C. S 2241. See United States v. Hayman, 342 U.S. 205, 223 (1952).

We recently considered the scope of the "inadequate or ineffective" "safety valve" in S 2255 in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In Dorsainvil, the petitioner argued that the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), which was decided after Dorsainvil's first S 2255 petition was denied on the merits, rendered his weapons conviction under 18 U.S.C. S 924(c)(1) invalid. He wished to collaterally attack that conviction in the District Court and asked this Court to certify his second habeas petition under S 2255's gatekeeping provisions limiting a prisoner's ability to file a successive habeas petition. The Court first held that the petition had failed to satisfy those gatekeeping provisions because his Bailey claim was a statutory claim. As a result,

_____

Dick, 202 U.S. 132, 136–37 (1906). However, in this case, because we have no appellate jurisdiction, that exception, which usually applies when a court of appeals is fashioning a remedy, is inapplicable. Accordingly, as a panel, we are without jurisdiction to issue Brooks a writ of habeas corpus. We raise the issue only for the purposes of clarification, however, because as we will explain, we ultimately hold S 2241 does not afford Brooks a remedy.

7

petitioner was unable to bring his new claim in aS 2255 proceeding in the District Court.

The Court did not stop there, however. Dorsainvil argued that if his Bailey claim could not be heard in the District Court, then S 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), was unconstitutional. The Court avoided reaching the "thorny constitutional issue[s]" by holding that "under narrow circumstances, a petitioner in Dorsainvil's uncommon situation may resort to the writ of habeas corpus as codified under 28 U.S.C. S 2241." Dorsainvil, 119 F.3d at 248. The Court first recognized that "the AEDPA did not amend the `safety valve' clause in S 2255 that refers to the power of the federal courts to grant writs of habeas corpus pursuant to S 2241" where S 2255 is "inadequate or ineffective." Id. at 249. The Court then held:

> Dorsainvil does not have and, because of the circumstances that he was convicted for a violation of S 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of S 924(c)(1). If, as the Supreme Court stated in [Davis v. United States, 417 U.S. 333 (1974)], it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by S 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to S 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by S 2255 is "inadequate or ineffective" to test the legality of [Dorsainvil's] detention.

Id. at 251.

The Court then cautioned:

> We do not suggest that S 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke S 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended S 2255. Such a holding would effectively eviscerate Congress's intent in amending S 2255.

8

However, allowing someone in Dorsainvil's unusual
position -- that of a prisoner who had no earlier
opportunity to challenge his conviction for a crime that
an intervening change in substantive law may negate,
even when the government concedes that such a
change should be applied retroactively -- is hardly
likely to undermine the gatekeeping provisions of
S 2255.

Id. at 251.

Several of our sister circuits have likewise concluded that
S 2241 can, at times, provide an avenue for relief where
none would otherwise be available. See Charles v. Chandler,
180 F.3d 753 (6th Cir. 1999); Wofford v. Scott , 177 F.3d
1236 (11th Cir. 1999); United States v. Barrett , 178 F.3d 34
(1st Cir. 1999); In re Davenport, 147 F.3d 605 (7th Cir.
1998); Triestman v. United States, 124 F.3d 361 (2d Cir.
1997). Indeed, a common theme is evident in the circuit
court opinions addressing the availability of S 2241: in
those cases in which recourse to S 2241 is granted, the
petitioner would have no other means of having his or her
claim heard. See Dorsainvil, 119 F.3d at 251 (authorizing
relief under S 2241 for "a prisoner who had no earlier
opportunity to challenge his conviction for a crime that an
intervening change in substantive law may negate")
(emphasis added); see also Wofford, 177 F.3d at 1244
(prisoner may avail himself or herself of S 2241 if "the
prisoner had no reasonable opportunity for a judicial
remedy of [a] fundamental defect before filing the S 2241
proceeding"); Davenport, 147 F.3d at 611 ("A federal
prisoner should be permitted to seek habeas corpus only if
he had no reasonable opportunity to obtain an earlier
judicial correction of a fundamental defect in his conviction
or sentence because the law changed after his first 2255
motion."); Triestman, 124 F.3d at 377 (the "inadequate or
ineffective" safety valve in S 2255 is available only in "the
set of cases in which the petitioner cannot, for whatever
reason, utilize S 2255, and in which the failure to allow for
collateral review would raise serious constitutional
questions").

In this case, Brooks received a full evidentiary hearing on
the merits of the very claim for which he seeks relief under

9

S 2241. It has long been the rule in this circuit that "the remedy by motion [under S 2255] can be `inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954). Indeed, Brooks does not argue that his hearing before the District Court was in any way defective or not meaningful. Nor does he contend that the District Court was without authority to grant the full relief he sought. Rather, his only argument as to why his S 2255 remedies were "inadequate or ineffective to test the legality of his detention" relates to his inability to appeal the District Court's decision.

The fundamental problem with Brooks' argument is that it was Congress' express decision (as seen in the language of S 2253(c)(2)) to deny Brooks a right to appeal, and as we explained in Cepero, that decision was a valid exercise of Congress' power. Therefore, if we were to hold that Brooks can effectively seek review of the District Court's decision in this Court pursuant to our power under S 2241, we would be eviscerating Congress' intent in amending S 2253. That is something we are unwilling to do. See Dorsainvil, 119 F.3d at 251 ("We do not suggest that S 2255 would be `inadequate or ineffective' so as to enable a second petitioner to invoke S 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended S 2255. Such a holding would effectively eviscerate Congress's intent in amending S 2255."); see also Barrett, 178 F.3d at 50 ("A petition underS 2255 cannot become `inadequate or ineffective,' thus permitting the use of S 2241, merely because a petitioner cannot meet the AEDPA `second or successive' requirements. Such a result would make Congress's AEDPA amendment of S 2255 a meaningless gesture."); Davenport, 147 F.3d at 608 ("Congress did not change [the `inadequate or ineffective'] language when in the Antiterrorism Act it imposed limitations on the filing of successive 2255 motions. The retention of the old language opens the way to the argument that when the new limitations prevent the prisoner from obtaining relief under 2255, his remedy

10

under that section is inadequate and he may turn to 2241. That can't be right; it would nullify the limitations."); Triestman, 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from bringing a S 2255 petition could, without more, establish that S 2255 is`inadequate or ineffective,' . . . then Congress would have accomplished nothing at all in its attempts -- through statutes like the AEDPA -- to place limits on federal collateral review."); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (stating that S 2255 is not inadequate or ineffective simply "because an individual is procedurally barred from filing a S 2255 motion").

In conclusion, because Brooks did have a meaningful opportunity to present his claim to the District Court, his S 2255 remedy cannot be said to be either inadequate or ineffective. If we were to hold that the unavailability of an appeal under S 2253(c)(2) rendered Brooks'S 2255 remedies inadequate or ineffective, we would be undermining a valid act of Congress. Accordingly, we will deny Brooks'S 2241 petition for a writ of habeas corpus.

IV.

For the reasons stated herein, we will deny Brooks' request for a certificate of appealability and also will dismiss his original petition for a writ of habeas corpus.

A True Copy:
Teste:

    Clerk of the United States Court of Appeals
    for the Third Circuit

11