

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2005

# Johnson v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2258

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Johnson v. Apker" (2005). *2005 Decisions.* Paper 731.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/731

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-277                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2258
_____

EDWARD R. JOHNSON,

Appellant

v.

CRAIG APKER, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00284)
District Judge: Honorable James F. McClure, Jr.
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
JUNE 23, 3005

Before:    ALITO, MCKEE and AMBRO, <u>Circuit Judges</u>

(Filed: August 4, 2005)

_____

OPINION
_____

PER CURIAM.

      Edward R. Johnson, a federal inmate at LSCI-Allenwood in Pennsylvania, appeals

from the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241.  Johnson was convicted in the United States District Court for the Eastern District

of Virginia of possessing more than five grams of crack cocaine with intent to distribute and sentenced to 292 months in prison. The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence, and the Supreme Court denied certiorari in 1997. In 2001, the sentencing court denied Johnson's motion pursuant to 28 U.S.C. § 2255. Johnson did not appeal that decision.

Johnson then filed a § 2241 proceeding in the District Court for the Middle District of Pennsylvania, arguing that his conviction and sentence violate the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). The District Court dismissed the § 2241 petition because Johnson failed to make the requisite showing that his remedy by § 2255 motion is "inadequate or ineffective" such that he can raise an Apprendi claim in a § 2241 petition. This Court affirmed, noting that the proper course was for Johnson to pursue an application with the Fourth Circuit for permission to file a second or successive § 2255 motion. See Johnson v. Gerlinski, C.A. No. 01-4039 (3d Cir. Apr. 29, 2002) (non-precedential, per curiam opinion).

Johnson next filed such an application with the Fourth Circuit, and permission to file a second § 2255 motion was denied in November 2004. In January 2005, Johnson then filed this § 2241 proceeding, again claiming that his conviction and sentence violate Apprendi and that his remedy by § 2255 motion is inadequate or ineffective. The District Court denied relief, noting that Johnson's remedy by § 2255 motion is not inadequate or ineffective merely because he has been denied permission to pursue a second § 2255 motion. The District Court added that Johnson's petition must fail even if he were to

2

invoke the subsequent decisions in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), as those cases are not retroactively applicable on collateral review. Johnson timely filed this appeal.[1]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision is de novo. <u>United States v. Cleary</u>, 46 F.3d 307, 309-10 (3d Cir. 1995). The appellee has filed a motion for summary affirmance, which should be granted if the appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6. After a careful review of the record, we will grant the appellee's motion and summarily affirm the District Court's judgment.

As the District Court correctly explained, Johnson's challenge to the validity of his conviction and sentence based on <u>Apprendi</u> and its progeny must be raised in a § 2255 motion, not under § 2241. A § 2255 motion is inadequate and ineffective "only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." <u>United States v. Brooks</u>, 230 F.3d 643, 648 (3d Cir. 2000); <u>see</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997) (holding that "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" can proceed under § 2241). Johnson has made no such

---

[1] Johnson also filed a timely motion for reconsideration, which the District Court denied by Order entered May 2, 2005. Because Johnson has not timely filed an appeal or an amended notice of appeal from the May 2 Order, we lack jurisdiction to review the denial of his motion for reconsideration. <u>See</u> Fed. R. App. P. 4(a)(4)(B)(ii).

showing here.  Indeed, we have held that § 2255 is not "inadequate or ineffective" for prisoners seeking to raise an Apprendi claim in a § 2241 proceeding.  Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002).  Moreover, it is settled that mere inability to satisfy the stringent requirements for filing a second or successive § 2255 motion does not establish that § 2255 is inadequate or ineffective.  In re Dorsainvil, 119 F.3d at 251.

Johnson contends that his claim is actually premised upon the due process requirements of In re Winship, 397 U.S. 358 (1970), and not the Apprendi line of case, and as such, he should be permitted to seek relief under § 2241.  See Mtn. for Summary Reversal at 3.  Regardless of which Supreme Court precedent Johnson purports to rely upon, the fact remains that his remedy by § 2255 motion is not an inadequate or ineffective means to test the legality of his detention, and thus § 2241 is unavailable.

In short, because this appeal presents no substantial question, we will summarily affirm the District Court's judgment.  Johnson's Motion for Summary Reversal is denied.