

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2006

# Shelton v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2630

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Shelton v. USA" (2006). *2006 Decisions.* Paper 331.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/331

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-347                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-2630
_____

NORMAN SHELTON,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-06682)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 28, 2006

BEFORE:  SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed October 12, 2006)
_____

OPINION
_____

PER CURIAM

Norman Shelton appeals from the order of the United States District Court for the Eastern District of Pennsylvania's denying his petition for relief pursuant to 28 U.S.C. § 2241. We will affirm the judgment of the District Court.[1]

Shelton was sentenced to 322 months in prison following his federal court conviction for conspiracy, bank robbery, armed bank robbery, and carrying a firearm during a crime of violence. This Court affirmed. Shelton has since filed two motions pursuant to 28 U.S.C. § 2255, both unsuccessful.

In the instant § 2241 petition, Shelton claims he received ineffective assistance due to counsel's failure to raise a double jeopardy argument on the basis of his having been convicted for both bank robbery and armed bank robbery. Shelton also contends that his sentence was calculated improperly in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and asks that his sentence be vacated via the writ of *audita querela*. The District Court denied Shelton's petition, and he now appeals.

A § 2255 motion is the presumptive means for a federal prisoner to challenge his sentence or conviction. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Shelton does not meet the narrow exception that applies when, because a § 2255 motion would be "inadequate or ineffective," a court is empowered to grant the writ of habeas corpus pursuant to § 2241. See United States v. Brooks, 230 F.3d 643, 646-48 (3d Cir. 2000) (petitioner must have

---

[1]We have jurisdiction under 28 U.S.C. § 1291.

2

"*no other means* of having his or her claim heard") (emphasis in original); In re

Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).  The fact that Shelton has previously

filed a § 2255 motion, and faces the strict gatekeeping requirements that apply to second

or successive § 2255 motions does not entitle him to re-frame his § 2255 claim in a §2241

petition.  See Brooks, 230 F.3d at 647-48.

Accordingly, the District Court correctly found the claims to be properly brought

under § 2255.  Since Shelton has previously filed § 2255 motions seeking habeas relief,

he is required to gain authorization from this Court before filing a second or successive

§ 2255 motion.  Because he did not, the District Court lacked jurisdiction to entertain the

claims under § 2255.  See 28 U.S.C. 2244(b)(3)(A); Robinson v. Johnson, 313 F.3d 128,

139 (3d Cir. 2004).

Shelton argues that, because Booker does not apply retroactively to cases on

collateral review, a gap has been created in his post-conviction relief remedies, and

therefore, relief via the writ of *audita querela* is warranted.  While there is support for the

general proposition that common law writs such as *audita querela* can be employed to

"fill in the gaps" in post-conviction remedies, see United States v. Valdez-Pacheco, 237

F.3d 1077 (9th Cir. 2001), the writ cannot be utilized in the way Shelton proposes.  As

noted above, § 2255 is the vehicle for a federal prisoner's challenge to his sentence.  For

claims that are cognizable in a § 2255 motion, the writ of *audita querela* is not available.

See id. at 1080; United States v. Banda, 1 F.3d 354 (5th Cir. 1993).  In particular, the writ

3

cannot be invoked in order to enable a defendant to file a § 2255 claim, but avoid complying with the rules that govern such motions. See United States v. Ayala, 894 F.2d 425 (D.C. Cir. 1990) (citation omitted); see also Obado v. New Jersey, 328 F.3d 716 (3d Cir. 2003) (per curiam) (the common law writ of *coram nobis* may not be used to avoid AEDPA's gatekeeping requirements).

For the foregoing reasons, the District Court properly denied Shelton's habeas petition. Accordingly, we will affirm the judgment of the District Court.