

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-26-2006

# Ramirez v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2309

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ramirez v. Williamson" (2006). *2006 Decisions.* Paper 21.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/21

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2309
_____

MARC RAMIREZ,
Appellant

vs.

WARDEN TROY WILLIAMSON

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 05-cv-02688)
District Judge: Honorable James F. McClure, Jr.

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2006
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

(Filed: December 26, 2006)

_____

OPINION
_____

PER CURIAM.

        Marc Ramirez, a federal inmate presently incarcerated at USP Allenwood,

appeals pro se from an order of the United States District Court for the Middle District of

Pennsylvania dismissing without prejudice his habeas petition, filed pursuant to 28 U.S.C.

§ 2241, for lack of jurisdiction.  For the reasons that follow, we will summarily affirm the

judgment of the district court.

In 1990, following a trial, Ramirez was convicted of a variety of drug charges in the United States District Court for the Eastern District of New York.[1] As a result of these convictions, Ramirez was sentenced to a 235-month term of incarceration. In his petition for writ of habeas corpus, Ramirez claimed that the length of this term was enhanced by 84 months "for drug quantities, firearms, and a leader/organizer position." Initially, Ramirez mounted an unsuccessful direct appeal to the Second Circuit Court of Appeals. Later, Ramirez pursued an unsuccessful habeas challenge to his conviction under 28 U.S.C. § 2255.

On December 30, 2005, Ramirez filed his current habeas action, pursuant to 28 U.S.C. § 2241, in the Middle District of Pennsylvania. Ramirez alleges that he received sentence enhancements based on factors not adjudicated by a jury in violation of recent Supreme Court cases decided after the conclusion of both his direct appeal and initial § 2255 motion. See United States v. Booker, 543 U.S. 220 (2005); see also Blakely v. Washington, 542 U.S. 296 (2004); Apprendi v. New Jersey, 530 U.S. 466 (2000). On January 25, 2006, the district court summarily dismissed Ramirez's § 2241 petition without prejudice, concluding that the substance of his petition could properly be considered only as an application for authorization to file a second or successive § 2255 motion filed with the Second Circuit Court of Appeals. See 28 U.S.C. § 2255 ¶ 5. Ramirez subsequently pursued a motion for reconsideration which was denied by the

_____

[1] Ramirez was tried along with 9 co-defendants.

district court on April 4, 2006. Ramirez filed a timely appeal.[2]

We agree with the district court that Ramirez's claims fall within the purview of an application for authorization to file a second or successive § 2255 petition. A federal prisoner's challenge to the legality of his conviction and his sentence must usually be raised in a § 2255 motion, except where the remedy under § 2255 would be "inadequate or ineffective" and the prisoner can properly resort to a § 2241 challenge. See 28 U.S.C. § 2255 ¶ 5; see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000)(citing United States ex rel. Leguillo v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). According to Ramirez, § 2255 is an4 "inadequate and ineffective" means to attack his own conviction and sentence in light of the Apprendi line of decisions which we have cited. But "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). A § 2255 motion is only "inadequate or ineffective" where the denial of a habeas action would raise serious constitutional issues. See In re Dorsainvil, 119 F.3d at 249. As such, the "safety valve" provided by § 2255 is extremely narrow and has been held only to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).

to be non-criminal because of an intervening change in the law. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citing In re Dorsainvil, 119 F.3d at 251). And "unlike the intervening change in the law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render . . . the crime for which Okereke was convicted, not criminal." Okereke, 307 F.3d at 120; cf. Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005)(applying principles governing approval of a second or successive § 2255 petition and holding that neither Blakely nor Booker contain directions indicating that a new, retroactive, rule of constitutional law was announced by the Supreme Court). Thus, the exception identified in In re Dorsainvil is simply inapplicable, and Ramirez may not seek relief under § 2241. As the district court noted, Ramirez's only recourse is to seek permission from the Second Circuit Court of Appeals to file a second or successive § 2255 motion in the sentencing court in the Eastern District of New York.

In conclusion, because Ramirez's § 2241 petition was properly dismissed and no substantial question is presented by this appeal, we grant appellee's motion for summary affirmance and affirm the district court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.