

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2007

# Herrold v. Yost

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3528

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Herrold v. Yost" (2007). *2007 Decisions*. Paper 1430.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1430

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**HLD-58 (March 2007)**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3528
_____

GENE ALLEN HERROLD,
Appellant

vs.

JOHN YOST, WARDEN
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00126)
District Judge: Honorable Kim R. Gibson
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
or Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 9, 2007
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

(Filed March 23, 2007)
_____

OPINION
_____

PER CURIAM.

        Gene Allen Herrold, a federal inmate presently incarcerated at FCI Loretto,

appeals pro se from an order of the United States District Court for the Western District

of Pennsylvania dismissing his habeas petition, filed pursuant to 28 U.S.C. § 2241.[1]  For

the reasons that follow, we will summarily affirm the judgment of the district court.

Since 1994, Herrold has continuously tried to attack his conviction, but to

no avail.  He has filed three motions to vacate his sentence under 28 U.S.C. § 2255, four

habeas petitions under § 2241, and five applications under 28 U.S.C. § 2244(b) for

authorization to file a second or successive § 2255 motion (C.A. Nos. 99-3080, 99-3854,

00-4343, 04-2718, 06-2046).  On June 5, 2006, Herrold filed his current habeas action

essentially asserting the same claims he put forth in the earlier § 2244 petition.  On June

30, 2006, the district court dismissed Herrold's petition.  Herrold filed a timely appeal.[2]

We agree that Herrold's petition merited a dismissal.  A federal prisoner's

challenge to the legality of his conviction and his sentence must usually be raised in a §

2255 motion, except where the remedy under § 2255 would be "inadequate or

ineffective" and the prisoner can properly resort to a § 2241 challenge.  See 28 U.S.C.

§ 2255 ¶ 5; see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); United States v.

Brooks, 230 F.3d 643, 648 (3d Cir. 2000)(citing United States ex rel. Leguillo v. Davis,

212 F.2d 681, 684 (3d Cir. 1954)).  The exception identified in In re Dorsainvil is simply

---

[1] In 1993, Herrold was sentenced in the Middle District of Pennsylvania to 331 months for possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g) and 924(e)(1), and 60-months to run consecutively for using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1).  This Court affirmed his conviction, C.A. No. 93-7097, and the Supreme Court denied certiorari.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).

inapplicable to Herrold's claims, and he may not seek relief under § 2241.

Because Herrold's § 2241 petition was properly dismissed and no substantial question is presented by this appeal, we will grant appellee's motion for summary affirmance and will affirm the district court's judgment.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.