

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2007

# Kennedy v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4407

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kennedy v. Miner" (2007). *2007 Decisions*. Paper 1256.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1256

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-179                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4407
_____

ANDREW KENNEDY,

Appellant

v.

JONATHAN MINER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00314)
District Judge: Honorable A. Richard Caputo
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2007

Before:    BARRY, AMBRO and FISHER, Circuit Judges

(Filed: April 18, 2007)

_____

OPINION
_____

PER CURIAM

        Andrew Kennedy appeals from the order of the United States District Court for the

Middle District of Pennsylvania denying his petition for relief pursuant to 28 U.S.C. §

2241. We will affirm the judgment of the District Court.[1]

In 1990 Andrew Kennedy was convicted of drug related offenses in the United States District Court for the District of Columbia. He was sentenced to 328 months in prison. The United States Court of Appeals for the District of Columbia Circuit affirmed in September 1991. See § 2241 Petition at 2. At some point after Kennedy's initial conviction, he was inadvertently released from federal custody prior to commitment to the Bureau of Prisons, and he remained free for several years. In 1996 Kennedy was sentenced on separate charges to 108 months in prison by the United States District Court for the District of Maryland. In February 1998, the fact that Kennedy had been mistakenly released was discovered, and he was informed that he would have to complete the 1990 sentence before commencing the 1996 sentence. In December 1998 Kennedy filed a § 2255 motion in the U.S. District Court for the District of Columbia. The petition was dismissed as untimely.

In February 2006 Kennedy filed a petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, challenging the sentence he received in 1990. Specifically, Kennedy claims that, given the amount of cocaine base set forth in the indictment and found by the jury, the appropriate sentencing range under the Federal Sentencing Guidelines was 151-188 months in prison. As a result, he maintains that he is "actually innocent" of the judicial fact that enhanced his 1990 sentence beyond 188

---

[1]We have jurisdiction under 28 U.S.C. § 1291.

2

months.[2]  The District Court dismissed the petition, concluding that Kennedy had not shown that relief under § 2255 was inadequate or ineffective.  He now appeals.

A § 2255 motion is the presumptive means for a federal prisoner to challenge his sentence or conviction.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Such claims may not be raised in a § 2241 petition except in an "unusual circumstance" where a § 2255 motion would be "inadequate or ineffective."  See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  A § 2255 motion will be considered "inadequate or ineffective" only when "the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). The fact that Kennedy previously filed a § 2255 motion that was denied as untimely, and thus faces the strict gatekeeping requirements that apply to second or successive § 2255 motions, does not serve to make § 2255 inadequate or ineffective.  See Dorsainvil, 119 F.3d at 251.

Kennedy explicitly challenges his 1990 conviction and sentence and, thus, is subject to the requirements set forth in Dorsainvil.  See id. at 251-52. We agree with the District Court that Kennedy is not in the unusual situation contemplated by this Court in Dorsainvil.  See United States v. Brooks, 230 F.3d 643, 646-48 (petitioner must have "*no*

_____

  [2]The petition indicates that Kennedy raised the same challenge in his previous § 2255 motion.

3

*other means* of having his or her claim heard") (emphasis in original). As the District Court pointed out, Kennedy could have raised his claim during direct appeal or in his initial § 2255 motion. Any argument that the unique circumstances of his case prevented Kennedy from being properly informed of court decisions in his case do not suffice to make § 2255 an inadequate vehicle for his challenge. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) ("the inefficacy of the remedy" is what is determinative, "not the personal inability to utilize it"). Accordingly, the District Court properly denied Kennedy's § 2241 petition.

For the foregoing reasons, we will affirm the judgment of the District Court.