

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2007

# McCoy v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2256

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"McCoy v. Miner" (2007). *2007 Decisions*. Paper 566.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/566

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-327                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2256
_____

REGGIE L. MCCOY,
Appellant

v.

JONATHAN C. MINER; UNITED STATES MARSHALS

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-00342)
District Judge:  Honorable William W. Caldwell

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 26, 2007

Before: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed August 20, 2007)
_____

OPINION
_____

PER CURIAM

        Reggie McCoy appeals from the District Court's order dismissing for lack of

jurisdiction his habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  McCoy's

appeal presents no substantial question, so we will summarily affirm the District Court's order.

McCoy was convicted of one count of possession of cocaine with intent to distribute and two counts of conspiracy to do the same, and received a sentence of life imprisonment. (Pet., "Exhibit A," at 6-7.) After an unsuccessful direct appeal to the Court of Appeals for the Eleventh Circuit and the denial of his petition for a writ of certiorari, in 1995 McCoy began a series of collateral attacks on his conviction with a motion pursuant to 28 U.S.C. § 2255 filed in the Middle District of Florida. Its denial was affirmed by the Eleventh Circuit, which has repeatedly denied McCoy's requests to file a second § 2255 motion. As an inmate of the United States Penitentiary in Allenwood, Pennsylvania, McCoy also filed two petitions in 2006 in the Middle District of Pennsylvania pursuant to § 2241 before filing the present petition, and has sought relief in the Fifth Circuit and the Northern District of California as well. (Rep. and Rec. at 2-3.)

McCoy's petition requests relief on three grounds: first, that he was not advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966); second, that he was denied his rights under the Fifth and Sixth Amendments to the United States Constitution by an alleged constructive amendment to the indictment that clarified the quantity of cocaine possessed by McCoy; and third, that the trial court lacked jurisdiction because of the indictment's alleged deficiency. (Pet. at 2-6.) The District Court summarily dismissed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in

2

the United States District Courts[1], holding that it lacked jurisdiction because McCoy had no grounds to file a petition pursuant to § 2241 instead of § 2255. We now affirm.[2]

The Eleventh Circuit has refused repeatedly to certify the § 2255 motions filed by McCoy after his first, and this has kept him from obtaining review of these later filings. See 28 U.S.C. § 2255 (requiring movant to obtain certification from "a panel of the appropriate court of appeals" in order to obtain review of a "second or successive" § 2255 motion). But these denials do not permit McCoy to bypass § 2255, "the presumptive means" by which to bring claims such as McCoy's, Okereke v. United States, 207 F.3d 117, 120 (3d Cir. 2002), in favor of § 2241. Only a federal prisoner who can show that the § 2255 "remedy by motion [would be] inadequate to test the validity of his conviction" may proceed instead with a § 2241 petition. See 28 U.S.C. § 2255.

But to render § 2255 "inadequate or ineffective," a petitioner must "show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Okereke, 307 F.3d at 120. By contrast, "'a petition under § 2255 cannot become inadequate or ineffective, thus permitting the use of § 2241, merely because a petitioner cannot meet the . . . second or successive requirements,'" as this would contravene Congress's intent in enacting those

---

[1] These rules may be applied to § 2241 petitions. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] We have jurisdiction to review the final decision of the District Court under 28 U.S.C. § 1291, and exercise plenary review. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).

3

requirements. <u>United States v. Brooks</u>, 230 F.3d 643, 648 (3d Cir. 2002)(quoting <u>United States v. Barrett</u>, 178 F.3d 34, 50 (1ˢᵗ Cir. 1999)).

In the present case, McCoy cannot show that the remedy under § 2255 is inadequate or ineffective. The Eleventh Circuit's denials of his requests for certification do not support such a showing, as they do not give rise to a cognizable "limitation of scope or procedure," but instead reflect the appropriate operation of the certification procedure as a "screening" mechanism to counter repeated filing of defective petitions. <u>See Felker v. Turpin</u>, 518 U.S. 651, 664 (1996). We therefore conclude that the District Court properly dismissed McCoy's habeas petition for lack of jurisdiction, and that his appeal presents no substantial question. See Third Circuit L.A.R. 27.4, I.O.P. 10.6. We will summarily affirm the District Court's order.