CLD-259                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1597
_____

MICHAEL ANGLIN,
                                        Appellant

v.

MR. WERLINGER, Warden, FCI Loretto
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:11-cv-00023)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: June 13, 2013)
_____

OPINION
_____

PER CURIAM

    Michael Anglin appeals from the District Court's dismissal of his habeas petition.

For the following reasons, we will summarily affirm.

1

I.

In 1997, a jury found Michael Anglin guilty of conspiracy to defraud the United States, bank robbery, and firearms violations—crimes that he committed in 1996. The Southern District of New York sentenced him to 140 months of imprisonment. Anglin filed a motion pursuant to 28 U.S.C. § 2255, which the District Court denied. Anglin appealed, and, in 2003, the Second Circuit affirmed. Meanwhile, Anglin was embroiled in a separate criminal action in the Eastern District of New York for crimes that he committed in 1993. Anglin was convicted of these crimes in 2000, and sentenced as a career criminal to an enhanced term of 240 months to be served consecutively to his first sentence. Following an unsuccessful appeal in the Second Circuit, Anglin filed a § 2255 motion as to his second conviction. The Eastern District denied the motion, and, in 2005, the Second Circuit affirmed.

In January 2011, while incarcerated in Pennsylvania, Anglin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Pennsylvania. In his petition, Anglin claimed that he was not eligible for enhanced sentencing because the criminal conduct underlying his second conviction occurred before the criminal conduct underlying his first conviction. The Magistrate Judge recommended that his petition be dismissed for lack of subject matter jurisdiction, determining that he failed to show that a § 2255 motion was inadequate or ineffective to

test the validity of his sentence. Despite Anglin's objections, the District Court adopted the Magistrate Judge's recommendation. Anglin timely appealed.

## II.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we exercise plenary review over the District Court's judgment. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm the District Court's judgment if an appeal does not present a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Anglin argues on appeal that his "actual innocence" of the enhanced sentence permitted him to bring a motion pursuant to 28 U.S.C. § 2241—that his actual innocence makes the fact that he cannot bring a motion under 28 U.S.C. § 2255 fundamentally unfair. Although a motion pursuant to § 2255 is generally "the presumptive means by which federal prisoners can challenge their . . . sentences," a prisoner can challenge the validity of his sentence under § 2241 if the remedies available under § 2255 are inadequate or ineffective. Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). This "safety valve" exception "ensure[s] that petitioners have a fair opportunity to seek collateral relief . . . ." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Here, however, Anglin clearly had an earlier opportunity to raise his actual innocence claim in the § 2255 proceedings before the Second Circuit, but he failed to do so. And, of course, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a Section 2255

3

proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (citations omitted). Anglin did not make such a showing.

Anglin also argues that his § 2241 motion was permissible because it challenged the execution, rather than the validity, of his sentence. Indeed, habeas petitions under § 2241 can be used to challenge the execution of a sentence. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Unquestionably, though, Anglin attacked the validity of his sentence. As he himself admitted in his habeas petition, he "is challenging the sentence imposed … [and] asserts that he is actually innocent of the sentence in question . . . ." Anglin's complaint is with the judgment issued by the District Court, not the way in which his judgment of conviction was effectuated. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012).

For the reasons given, the District Court properly dismissed Anglin's petition. Accordingly, we will summarily affirm the judgment of the District Court. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R.; I.O.P. 10.6. His "motion for preliminary review for appeal" is denied.